John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Boulevard, Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

Jarrett L. Ellzey (*Pro Hac Vice* pending*)*
**HUGHES ELLZEY, LLP**
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: (713) 554-2377
Fax: (888) 995-3335
*jarrett@hughesellzey.com*

***Attorneys for Plaintiff and all others
similarly situated***

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI BELL, an individual, on behalf of herself and all others similarly situated, | Case No.: |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| DEPARTMENT STORES NATIONAL BANK, a South Dakota Entity; FDS BANK, an Ohio Corporation; MACY's INCORPORATED, an Ohio Corporation; and DOES 1 through 50, inclusive, and each of them, | (1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and |
| | (2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-1-**

Plaintiff Nikki Bell ("Plaintiff" or "Bell"), on behalf of herself and all others similarly situated, alleges the follow upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff,  on behalf of herself and others similarly situated, is seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants DEPARTMENT STORES NATIONAL BANK ("Defendant or "DSNB") Defendants MACY'S INCORPORATED ("Defendant" or "Macy's"), FDS BANK ("Defendants or "FDS"), and INDIVIDUAL DOES (collectively "Defendants") in contacting Plaintiff, as well as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *set* seq. ("TCPA").

2.     Defendants are companies that regularly engage in aggressive and reckless debt collection practices which outright ignore controlling federal law, and the rights of the called party.

3.     Defendants repeatedly made unsolicited calls to Plaintiff's cellular telephone in violation of the TCPA. Defendants made the calls using an automated telephone dialing system ("ATDS") or pre-recorded voice for the purpose of collecting a debt allegedly owed to Defendants by another individual. Defendants repeatedly called Plaintiff, even after Plaintiff informed Defendants that they had the wrong number, that Plaintiff was not the individual Defendants were attempting to contact, and Plaintiff did not wish to be called again.

4.     By making the telephone calls at issue in this Complaint, Defendants' caused Plaintiff actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to her carrier(s) for the receipt of such telephone calls.

1   5.   Congress enacted the TCPA to protect consumers from unsolicited
2   telephone calls exactly like those alleged in this case. In response to Defendants'
3   unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction
4   requiring Defendants to cease all illegal telephone calling activities to her
5   cellular telephone and an award of statutory damages under the TCPA equal to
6   $500.00 per violation, together with court costs, reasonable attorneys' fees, and
7   treble damages (for knowing and/or willful violations). Plaintiff also seeks an
8   award of statutory damages under the FDCPA equal to $1,000.00 per violation,
9   together with court costs and reasonable attorney's fees.

10   **JURISDICTION & VENUE**

11   6.   Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the
12   Plaintiff, a resident of California, seeks relief on behalf of a Class, which will
13   result in at least one class member belonging to a different state than that of the
14   Defendants, which are based in South Dakota and Ohio.

15   7.   Plaintiff also seeks up to $1,500.00 in damages for each call in
16   violation of the TCPA, which, when aggregated among a proposed class in the
17   thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.
18   Therefore, both diversity jurisdiction and the damages threshold under the Class
19   Action Fairness Act of 2005 ("CAFA") are present, and this Court has
20   jurisdiction.

21   8.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331,
22   as this action arises under the TCPA, which is a federal statute.

23   9.   The Court has personal jurisdiction over Defendants because they
24   conduct significant business in this District, and the unlawful conduct alleged in
25   this Complaint occurred in, was directed to, and/or emanated from this District.

26   10.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)
27   because the wrongful conduct giving rise to this case occurred in, was directed
28   to, and/or emanated from this District.

1    11.    Defendants are subject to specific personal jurisdiction in this

2  District because they have continuous and systematic contacts with this District

3  through their marketing efforts and services that target this District, and the

4  exercise of personal jurisdiction over Defendants in this District does not offend

5  traditional notions of fair play or substantial justice.

6                    **INTRA-DISTRICT ASSIGNMENT**

7    12.    Pursuant to Local Rule 3.2(d), this action must be assigned to either

8  the San Francisco Division or the Oakland Division of the United States District

9  Court for the Northern District of California because Plaintiff Nikki Bell is a

10  resident of Contra Costa County, California.

11                              **PARTIES**

12    13.    Plaintiff NIKKI BELL ("Plaintiff") is a citizen of the State of

13  California who resides in Richmond, Contra Costa County, California.

14    14.    Defendant MACY'S INCORPORATED ("Defendant" or "Macy's")

15  is a Delaware corporation organized under the laws of the State of Ohio.

16  Defendant maintains its principle place of business in Cincinnati, Ohio, but

17  regularly conducts business in this District.  Defendant can be served with

18  process by serving its registered agent, CSC – Lawyers Incorporating Service

19  (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus,

20  Ohio 43215.

21    15.    Defendant DEPARTMENT STORES NATIONAL BANK

22  ("Defendant" or "DSNB") is a corporation organized under the laws of the State

23  of South Dakota. Defendant maintains its principle place of business in Sioux

24  Falls, South Dakota, but regularly conducts business in this District. Defendant

25  can be served with process by serving its registered agent, Department Stores

26  National Bank, P.O. Box 8066, Mason, OH 45040.

27    16.    Defendant FDS BANK ("Defendant" or "FDS") is a corporation

28  organized under the laws of the State of Ohio. Defendant maintains its principle

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

place of business at 9111 Duke Boulevard, Suite 100, Mason Ohio, 45040 but regularly conducts business in this District.

17.     The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

18.     Plaintiff does not yet know the identity of Defendants' employees/agents, identified as DOE INDIVIDUALS that had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. They are named tentatively as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable (jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

1    19.    Plaintiff is informed and believes and thereon alleges that at all

2  relevant times, each and every Defendant was acting as an agent and/or

3  employee of each of the other Defendants and was the owner, agent, servant,

4  joint venturer and employee, each of the other and each was acting within the

5  course and scope of its ownership, agency, service, joint venture and

6  employment with the full knowledge and consent of each of the other

7  Defendants.  Plaintiff is informed and believes and thereon alleges that each of

8  the acts and/or omissions complained of herein was made known to, and ratified

9  by, each of the other Defendants.

10    20.    At all times mentioned herein, each and every Defendant was the

11  successor of the other and each assumes the responsibility for each other's acts

12  and omissions.

13                    **TELEPHONE CONSUMER PROTECTION ACT**

14    21.    Congress enacted the TCPA in 1991 to address certain practices

15  thought to be an invasion of consumer privacy and a risk to public safety. The

16  TCPA and the Federal Communications Commission's (hereinafter "FCC")

17  implemented rules prohibit: (1) making telemarketing calls using an artificial or

18  prerecorded voice to residential telephones without prior express consent; and (2)

19  making any non-emergency call using an automatic telephone dialing system

20  (hereinafter "ATDS") or an artificial or prerecorded voice to a wireless telephone

21  number without prior express consent. If the call includes or introduces an

22  advertisement, or constitutes telemarketing, consent must be in writing.[1] The

23  TCPA grants consumers a private right of action, with a provision for $500 or the

24

25    _____

26  [1]   Prior express written consent means "an agreement, in writing, bearing the signature of
      the person called that clearly authorizes the seller to deliver or cause to be delivered to
27    the person called advertisements or telemarketing messages using an automatic
      telephone dialing system or an artificial or prerecorded voice, and the telephone number
28    to which the signatory authorizes such advertisements or telemarketing messages to be
      delivered.  47 C.F.R. § 64.1200(f)(8).

1    actual monetary loss in damages for each violation, whichever is greater, and

2    treble damages for each willful or knowing violation, as well as injunctive relief.

3         22.    Since the TCPA's passage in 1991, the FCC has taken multiple

4    actions implementing and interpreting the TCPA, and has issued numerous

5    Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent,

6    FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection

7    to consumers by, among other things, clarifying that ATDS is broadly defined,

8    confirming liability attaches to calls made to the wrong number or reassigned

9    number, and clarifying consumers may revoke consent through reasonable

10   methods.  *In the Matter of Rules and Regulations Implementing the Tel.*

11   *Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015),

12   available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-

13   order. The Order defines an "autodialer" as equipment/software that has the

14   future capacity to dial randomly or sequentially.  "In other words, the capacity of

15   an autodialer is not limited to its current configuration but also includes its

16   potential functionalities."  The Order clarifies the meaning of "capacity" and that

17   "any call" made using a device with the capacity to serve as an ATDS requires

18   consent under the TCPA, even if the caller is not "actually…using those

19   functionalities to place calls" at the time.  *Derby v. AOL, Inc.*, No. 5:15-CV-

20   00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

21        23.    The Order also states that calls placed to the wrong number or a

22   reassigned number are made with knowledge of the error after the first call; and

23   consumers may revoke consent through any reasonable method, including orally:

24   "[w]e clarify, however, that callers who make calls without knowledge of

25   reassignment and with a reasonable basis to believe that they have valid consent

26   to make the call should be able to initiate one call after reassignment as an

27   additional opportunity to gain actual or constructive knowledge of the

28   reassignment and cease future calls to the new subscriber. If this one additional

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs
KW

1    call does not yield actual knowledge of reassignment, we deem the caller to have

2    constructive knowledge of such;" "[c]onsumers generally may revoke, for

3    example, by way of a consumer-initiated call, directly in response to a call

4    initiated or made by a caller, or at an in-store bill payment location, among other

5    possibilities."

6        24.    The repeated calls were asking for someone other than Plaintiff,

7    who told them repeatedly they had the wrong number, but Defendants refused.

8        25.    Furthermore, the TCPA established the National Do-Not-Call List,

9    and also mandates all businesses that place calls for marketing purposes maintain

10   an "internal" do-not-call list ("IDNC").  See 47 C.F.R. § 64.1200(d). The IDNC

11   is "a list of persons who request not to receive telemarketing calls made by or on

12   behalf of that [seller]."  *Id*. The TCPA prohibits a company from calling

13   individuals on its IDNC list or on the IDNC list of a seller on whose behalf the

14   telemarketer calls, even if those individuals' phone numbers are not on the

15   National Do-Not-Call Registry.  *Id.* at § 64.1200(d)(3), (6). Any company, or

16   someone on the company's behalf, who calls a member of the company IDNC is

17   liable to that person under the TCPA. The called party is then entitled to bring a

18   private action under the TCPA for monetary and injunctive relief.

19       26.    Finally, in 2008, the FCC held that "a creditor on whose behalf an

20   autodialed or prerecorded message call is made to a wireless number bears the

21   responsibility for any violation of the Commission's rules." In re Rules and

22   Regulations Implementing the Telephone Consumer Protection Act, Declaratory

23   Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559,

24   565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL

25   7062748 (Dec. 31, 2012).

26       27.    Accordingly, the entity can be liable under the TCPA for a call

27   made on its behalf, even if the entity did not directly place the call. Under those

28   circumstances, the entity is deemed to have initiated the call through the person

1  or entity.

2  **FACTUAL ALLEGATIONS**

3    28.    Beginning in or around January 2016, Defendant contacted Plaintiff

4  Bell on her cellular telephone number ending in 8454 *via* ATDS, as defined by

5  47 U.S.C. § 227(a)(1), at least fifty (50) times over a two-month period without

6  first obtaining Bell's written consent.

7    29.    Bell's caller ID read "800-266-2278" as the calls were incoming.

8  This number is assigned to the Defendants and their agents.

9    30.    Bell would answer some of the calls even though she had

10 memorized the number assigned to Defendants as a result of the constant abusive

11 calling techniques employed by Defendants. When Bell answered the phone, she

12 experienced dead air before she could hear the call being routed a live

13 representative.

14    31.    To the extent Bell ever consented to the calls, she revoked such

15 consent but the calls continued.

16    32.    Despite being informed by Bell that she was not the individual they

17 were attempting to contact, as well as several reasonable requests that

18 Defendants cease all further contact, Defendants called Bell at least thirty (30)

19 times.

20    33.    Bell was extremely frustrated by the calls and wanted Defendants to

21 stop calling.  The calls invaded her privacy and caused her to lose time on her

22 cellular plan.

23    34.    On information and belief, Defendants' automated system had

24 called Bell on every occasion.

25    35.    Based on the circumstances of the calls – including but not limited

26 to the multiple calls, Bell never spoke to the same representative, and Defendants

27 called despite Bell's requests to Defendants to stop calling (indicating a

28 computer automatically dialed the number again) – Bell believed Defendants

called her cellular telephone using an ATDS that automatically selected her number from a computer database.

36. On information and belief, Defendants' ATDS called Bell on every occasion.

37. On information and belief, and based on the circumstances of the all the calls, Defendants called Bell using an ATDS.

38. The telephone number Defendants called was assigned to a cellular telephone.

39. Bell is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 8454.

40. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

41. Bell did not provide Defendants with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

42. All calls Defendants made to Bell violate 47 U.S.C. § 227.

43. Bell seeks an injunction requiring Defendants to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees. This is necessary as Defendants settled a prior class case, but continue their illegal activities.

## CLASS ALLEGATIONS

44. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

All persons within the United States who received any telephone calls from Defendant(s) to said person's cellular telephone made through the

1   use of any automatic telephone dialing system or an artificial or

2   prerecorded voice and such person had not previously provided express

3   consent to receiving such calls from July 23, 2015 to the filing of this

4   Complaint.

5       45.     Plaintiff represents, and is a member of the Class, consisting of All

6   persons within the United States who received any telephone call from

7   Defendant(s) to said person's cellular telephone made through the use of any

8   automatic telephone dialing system or an artificial or prerecorded voice and such

9   person had not previously not provided their cellular telephone number to

10  Defendant within the four years prior to the filing of this Complaint.

11      46.     Excluded from the Class are governmental entities, Defendants, any

12  entity in which Defendants have a controlling interest, and Defendants' officers,

13  directors, affiliates, legal representatives, employees, co-conspirators, successors,

14  subsidiaries, and assigns. Also excluded from the Class are any judges, justices

15  or judicial officers presiding over this matter and the members of their immediate

16  families and judicial staff.

17      47.     This action is properly maintainable as a class action. This action

18  satisfies the numerosity, typicality, adequacy, predominance and superiority for a

19  class action.

20      48.     **Numerosity**: The proposed Class is so numerous that individual

21  joinder of all members is impracticable. Due to the nature of the trade and

22  commerce involved, Plaintiff does not know the number of members in the

23  Class, but believes the Class members number in the thousands, if not more.

24  Plaintiff alleges that the Class may be ascertained by the records maintained by

25  Defendants.

26      49.     Plaintiff and members of the Class were harmed by the acts of

27  Defendant(s) in at least the following ways: Defendant(s) illegally contacted

28  Plaintiff and Class members via their cellular telephones thereby causing

Plaintiff and Class members, without their "prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

50.   **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a)   Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(c)   Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

51.   **Typicality**:  Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

52.   **Adequacy of Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

53.   **Superiority of Class Action**:  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

54.   Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

55.   Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally

1    applicable to the Class, thereby making appropriate final and injunctive relief

2    with regard to the members of the Class as a whole.

3                        **FIRST CAUSE OF ACTION**

4      **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**

5                **47 U.S.C. § 227, *ET SEQ.***

6                **(By Plaintiff Against All Defendants)**

7         56.    Plaintiff hereby incorporates by reference and re-alleges each and

8    every allegation set forth in each and every preceding paragraph of this

9    Complaint, as though fully set forth herein.

10        57.    The foregoing acts and omissions of Defendants constitute

11   numerous and multiple violations of the TCPA, including but not limited to each

12   and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47

13   C.F.R. §64.1200, *et seq.*

14        58.    As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and

15   47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in

16   statutory damages, for each and every violation, pursuant to 47 U.S.C. §

17   227(b)(3)(B).

18        59.    Plaintiff is also entitled to and seeks injunctive relief prohibiting

19   such conduct in the future.

20                      **SECOND CAUSE OF ACTION**

21            **KNOWING AND/OR WILLFUL VIOLATION OF**

22    **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***

23               **(By Plaintiff Against All Defendants)**

24        60.    Plaintiff hereby incorporates by reference and re-allege each and

25   every allegation set forth in each and every preceding paragraph of this

26   Complaint, as though fully set forth herein.

27        61.    The foregoing acts and omissions of Defendants constitute

28   numerous and multiple knowing and/or willful violations of the TCPA, including

1   but not limited to each and every one of the above cited provisions of 47 U.S.C.

2   § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq.*

3       62.     As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., and

4   47 C.F.R. §64.1200, *et seq.* Plaintiff is entitled to an award of $1,500.00 in

5   statutory damages, for each and every violation, pursuant to 47 U.S.C. §

6   227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

7       63.     Plaintiff is also entitled to and seeks injunctive relief prohibiting

8   such conduct in the future.

9                    <u>**PRAYER FOR RELIEF**</u>

10       WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

11   relief and judgment as follows:

12   1.     An order certifying this action as a class action and appointing

13   Plaintiff and his counsel to represent the Class;

14   2.     For the first cause of action:

15       •   Plaintiff and Class members are entitled to and request $500.00

16           in statutory damages, for each and every violation, pursuant to 47

17           U.S.C. § 227, *et seq.*;

18       •   Preliminary and permanent injunctive relief enjoining

19           Defendant(s), their agents, servants and employees, and all

20           persons acting in concert with them, from engaging in, and

21           continuing to engage in, the unlawful calls made with automated

22           dialing systems to cellular phones without prior express consent;

23       •   Attorneys' fees, costs and any and all other relief that the Court

24           deems just and proper.

25   3.     For the second cause of action:

26       •   Plaintiff and Class members are entitled to and request $1,500.00

27           in statutory damages, for each and every violation, pursuant to 47

28           U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  January 9, 2017                    Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906



# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues that may be decided by jury.

Dated:  January 9, 2017                    Respectfully submitted,

                                         By:  */s/ John P. Kristensen*
                                         _____

                                               John P. Kristensen (SBN 224132)
                                               *john@kristensenlaw.com*
                                               David L. Weisberg (SBN 211675)
                                               *david@kristensenlaw.com*
                                               **KRISTENSEN WEISBERG, LLP**
                                               12304 Santa Monica Blvd., Suite 100
                                               Los Angeles, California 90025
                                               Telephone:  (310) 507-7924
                                               Fax:  (310) 507-7906